HAPGOODS v. BOGART, License Com'r, et al.

(Supreme Court, Appellate Division, First Department. March 20, 1908.)

INJUNCTION—PARTIES—INTERVENTION.

>In an action by a corporation against the commissioner of licenses to restrain the revocation of plaintiff's license, a private citizen, having no special relation to or interest in the revocation, has no right to intervene as a party defendant.

Appeal from Special Term, New York County.

Action by Hapgoods, a corporation, against John N. Bogart, as commissioner of licenses in and for the city of New York, to restrain defendant from revoking plaintiff's license. From an order permitting James L. Crawford to intervene as a defendant, plaintiff appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

H. B. Bradbury, for appellant.
Henry Hirschberg, for respondent.

HOUGHTON, J. The plaintiff is a domestic corporation engaged in the business of an employment agency in the city of New York. The respondent Crawford had preferred charges to the commissioner of licenses against the plaintiff, asking that its license be revoked, and had been a witness on the investigation thereof. These charges had been dismissed, except as to one act, concerning the effect of which there was such doubt that it was deemed best that a legal determination should be had. Thereupon the plaintiff brought this action to enjoin the commissioner of licenses in and for the city of New York from revoking its license. The complainant, Crawford, asked to intervene as a party defendant, and an order was made permitting him to do so, and the plaintiff has appealed.

We do not think the complainant, Crawford, had any right to be made a party to the action. The action is against a public official to restrain him from revoking plaintiff's license. Crawford has no relation to or interest in the litigation, except as a private citizen. Neither his animosity towards the plaintiff nor his anxiety that its license be revoked entitles him to become a party. He is not a necessary party, and a complete determination of the controversy can be had without

his presence, and therefore he is not a proper party. If he desires, he may tender his services and suggestions to the commissioner; but he is not entitled to become a party to the action.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.